UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY CESAR VILLAFANE,

        Plaintiff,

-v-

DENTIST RAYMOND HAAG,                             16-CV-0240-FPG
                                                                               DECISION AND ORDER

        Defendant.
_____

## INTRODUCTION

Pro se Plaintiff Anthony Cesar Villafane, an inmate of the Elmira Correctional Facility, has filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has also requested the assignment of counsel. ECF Nos. 2, 3. In short, Plaintiff alleges that Defendant Raymond Haag, a dentist who treated Plaintiff while they were both at the Southport Correctional Facility, was deliberately indifferent to Plaintiff's severe dental pain for a period of eight months, despite numerous visits and complaints from Plaintiff to Defendant Haag.

## DISCUSSION

Plaintiff has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, Plaintiff's request to proceed as a poor person is hereby granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) require the Court to conduct an initial screening of this complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a

person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997).

A claim of inadequate dental care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000). The Second Circuit has observed that:

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, the failure to provide appropriate treatment might well violate the Eighth Amendment.

*Id.* (internal quotation marks omitted).

An isolated failure to provide medical treatment is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). Here, Plaintiff has specifically alleged that Defendant Haag ignored his dental pain for a period of eight months despite numerous visits and complaints, and as a result, that two of his teeth were ultimately extracted. Drawing all reasonable inferences in plaintiff's favor, as the Court must at this stage, Plaintiff has stated a plausible claim which may proceed.

Plaintiff has also applied to the Court for the appointment of counsel pursuant to 28 U.S.C. § 1915(e). Because the Complaint has not yet been served on Defendant, Plaintiff's request for appointment of counsel is premature, and is therefore denied without prejudice.

CONCLUSION

IT IS HEREBY ORDERED that the Clerk of Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named Defendant without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor[1].

FURTHER, that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED, and

FURTHER, that Plaintiff's request for the assignment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE, and

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>. Pursuant to 42 U.S.C. § 1997e(g)(2), the Defendant is directed to answer the Complaint[2].

IT IS SO ORDERED.

DATED:   March 23, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

[2] In a letter to the Court (ECF No. 6), Plaintiff states that he believes that Defendant Haag no longer works at Southport Correctional Facility. If Defendant Haag no longer works for the State of New York, the Court requests that the Attorney General's Office provide a proper address for this Defendant to be served pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997).